UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HORUS EXPRESS TRUST, d/b/a CLARENCE-DENNIS ESQ., <br><br>                    Plaintiff, <br><br>           -against- <br><br> 35 HUDSON YARDS, <br><br>                    Defendant. | 25 Misc. 513 <br><br> ORDER OF DISMISSAL |

JENNIFER H. REARDEN, District Judge:

    Plaintiff, appearing *pro se*, initiated this matter as a miscellaneous action. ECF No. 1. The District Clerks' Manual (the "Manual"), published by the Administrative Office of the United States Courts, "sets forth the nationwide guidelines for prescribed uses of the miscellaneous docket." *In re Varholy*, No. 3:23 Misc. 00004 (MEG), 2023 WL 4236044, at *1 (D. Conn. June 28, 2023). "The Manual identifies the limited [] matters for assignment [as] miscellaneous case," including matters in which the plaintiff seeks the following:

> foreign subpoenas, registration of judgment from another district, motion to quash deposition subpoena, motion for protective order, administrative deposition subpoena, application to perpetuate testimony, receiverships, letters rogatory from other districts, warrant for arrest of juror, pen registers, wire interceptions, video interceptions, grand jury matters, internal revenue service third party record keeper actions, and proceedings against sureties.

*Id.* at *1 (citing the Manual § 4.03.(a)(1)(ii)-(xvi)).

    In addition, a miscellaneous case can be an "ancillary" proceeding that is "directly or indirectly related to civil or criminal cases pending within the district or another district." Manual § 4.03(a)(1). "[C]ivil matters are classified as either civil or miscellaneous cases depending on the nature of relief sought in the initiating document." *Id.* § 3.02(a).

The Miscellaneous Case Cover Sheet submitted by Plaintiff describes this action as an "Application to Enforce Administrative Order." ECF No. 2. Plaintiff's papers fail, however, to identify any "Administrative Order." Plaintiff also states no cause for relief, ECF No 1, and the documents submitted—including "financing statements," trust and power of attorney agreements, and mortgage documents—demonstrate that this action is not one of the "limited [] matters for assignment [as] miscellaneous case." *In re Varholy*, 2023 WL 4236044, at *1. Accordingly, the case is hereby dismissed.

The dismissal of this matter without prejudice does not prevent Plaintiff from commencing a new civil action. The Court notes, however, that Rule 11 of the Federal Rules of Civil Procedure requires all parties, including "unrepresented part[ies]," to make a reasonable inquiry that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

## CONCLUSION

For the reasons stated above, this action is dismissed without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to close the case and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:   November 19, 2025
         New York, New York

_____
JENNIFER H. REARDEN
United States District Judge